IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JORGE SAENZ, | ) | CR. NO. 08-00676 SOM |
| | ) | CIV. NO. 16-00355 SOM-KSC |
| Petitioner, | ) | |
| | ) | **ORDER DENYING PETITIONER'S** |
| vs. | ) | **MOTION UNDER 28 U.S.C. § 2255** |
| | ) | **TO VACATE, SET ASIDE, OR** |
| UNITED STATES OF AMERICA, | ) | **CORRECT SENTENCE BY A PERSON** |
| | ) | **IN FEDERAL CUSTODY AND** |
| Respondent. | ) | **DECLINING TO ISSUE** |
| | ) | **CERTIFICATE OF APPEALABILITY** |
| _____ | ) | |

**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Petitioner Jorge Saenz is serving a 136-month prison term, having pled guilty to having possessed with intent to distribute 50 grams or more of methamphetamine and carrying a firearm during and in relation to a drug trafficking crime. Relying on Johnson v. United States, 135 S.Ct. 2551 (2015), Saenz now seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He argues that he should not have been convicted or sentenced under 18 U.S.C. § 924(c) because that statute allegedly includes unconstitutionally vague references to a "crime of violence." This court denies Saenz's petition without an evidentiary hearing, concluding that the term "crime of violence" was irrelevant to his conviction or sentence. This court also declines to issue a certificate of appealability.

1

**I.       STANDARD OF REVIEW.**

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration on any of the following four grounds:  (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  It is not entirely clear whether Saenz is challenging both his § 924(c) conviction and his sentence, but the court assumes for purposes of this order that he is challenging both.  To obtain relief from a conviction under § 2255, a petitioner must demonstrate that an error of constitutional magnitude had a substantial and injurious effect on the guilty plea or the jury's verdict.  <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637-38 (1993).

A petitioner must file his or her § 2255 motion within the one-year statute of limitations set forth in § 2255(f).  The limitations period runs one year from the latest of four dates: (1) when the judgment of conviction becomes final; (2) when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by

such governmental action; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and (4) when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A § 2255 petition cannot be based on a claim that has already been disposed of by the underlying criminal judgment and ensuing appeal. As the Ninth Circuit stated in Olney v. United States, 433 F.2d 161, 162 (9th Cir. 1970), "Having raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255."

Even when a § 2255 petitioner has not raised an alleged error at trial or on direct appeal, the petitioner is procedurally barred from raising an issue in a § 2255 petition if the issue could have been raised earlier, unless the petitioner can demonstrate both "cause" for the delay and "prejudice" resulting from the alleged error. In United States v. Frady, 456 U.S. 152, 167-68 (1982), the Court said, "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he

3

complains." Accord Davis v. United States, 411 U.S. 233, 242 (1973). To show "actual prejudice," a § 2255 petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170.

A judge may dismiss a § 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Section 2255 Rules. A court need not hold an evidentiary hearing if the allegations are "palpably incredible" or "patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record. See Blackledge v. Allison, 431 U.S. 63, 76 (1977); see also United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief").

**II.     FACTUAL BACKGROUND.**

On November 7, 2008, Saenz agreed in a telephone conversation to sell a half-pound of crystal methamphetamine to a person who, unbeknownst to Saenz, was cooperating with the

4

Government.  See Memorandum of Plea Agreement, ECF No. 31, PageID # 54.[1]  That day, at around 2:45 p.m., law enforcement agents saw Saenz drive a car to the agreed-upon location.  See id.  The agents stopped Saenz's car and arrested Saenz and the passenger in his car.  See id., PageID # 55.  During searches incident to the arrests, the agents seized a loaded .380 caliber semi-automatic pistol, a plastic bag containing approximately one-half ounce of a substance that was later confirmed to be methamphetamine, and a cup containing approximately 2 ounces of a substance that was later confirmed to be methamphetamine.  See id.

On November 19, 2008, the Government filed an indictment against Saenz, charging him with possessing with intent to distribute 50 grams or more of methamphetamine in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1) and with carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2).  See Indictment, ECF No. 11, PageID #s 18-19.  On April 24, 2009, Saenz pled guilty to both counts pursuant to a plea agreement.  See ECF No. 31, PageID #s 30-31.  This court sentenced Saenz to 102 months for Count 1, and to 54 months for Count 2 running consecutively to the sentence for Count 1.  See

---

[1] Unless otherwise noted, all citations to the Electronic Notification Filing system refer to the docket in Saenz's criminal case, CR. No. 08-00676.

5

ECF No. 39. His total prison time was thus 156 months. See id. Judgment was entered on October 23, 2009. See ECF No. 43. In his plea agreement, Saenz had limited his right to appeal, and he filed no appeal.[2]

On March 19, 2015, this court reduced Saenz's sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 782 to the drug quantity calculations in the Sentencing Guidelines. See Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 46, PageID # 124. Saenz's reduced sentence for Count 1 was 82 months in prison. See id. The consecutive term of 54 months on Count 2 remained the same, meaning that the new sentence provided for a total of 136 months in prison. See id.

On June 22, 2016, Saenz mailed a letter to this court stating his intent to file a motion under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S.Ct. 2551 (2015). See Letter from Jorge Saenz, ECF No. 47, PageID # 125. Johnson, decided on

---

[2] The plea agreement also limited Saenz's right to collaterally attack his sentence. It did not limit his right to attack his conviction. See United States v. Spear, 753 F.3d 964 (9th Cir. 2013). He retained such a right only if attacking an above-guideline sentence or arguing ineffective assistance of counsel. He had a below-guideline sentence. (His guideline for Count 1 was 210 to 262 months, and there was a mandatory consecutive 5 years for Count 2. This court granted the Government's downward departure motion based on substantial assistance, freeing the court to impose less than 5 years on Count 2.) The Government has not argued that this § 2255 motion is barred by the plea agreement, and this court therefore does not base the present order on that ground.

June 26, 2015, held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S.Ct. at 2563. The "residual clause" analyzed in Johnson appears in 18 U.S.C. § 924(e). See id. at 2555. Section 924(e)(1) provides for enhanced penalties for a person convicted of violating 18 U.S.C. § 922(g) if the person has three prior convictions for either a "violent felony" or a serious drug offense. See id. Johnson was convicted under § 922(g) of being a felon in possession of a firearm, and he had three prior convictions for a "violent felony." See id. at 2556. The term "violent felony" was defined in § 924(e)(2)(B) as including a felony having "as an element the use, attempted use, or threatened use by physical force," a felony that was "burglary, arson, or extortion, [or] involves the use of explosives," or a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." See id. at 2555-56. The Supreme Court concluded that the "otherwise involves" language, which it called the "residual clause," was unconstitutionally vague. See id. at 2557-60. The Court therefore held that Johnson's sentence should not have been enhanced under the residual clause. See id. at 2563.

On June 24, 2016, Saenz, proceeding pro se, placed his Johnson-related § 2255 motion in the prison mail system. See

7

Saenz's Motion Under 28 U.S.C. § 2255, ECF No. 49, PageID #s 141-43.  This court received and filed his motion on June 27, 2016.  See id., PageID # 129.  In his motion, Saenz contends that the language of 18 U.S.C. § 924(c) and of the sentencing guidelines is unconstitutionally vague insofar as that language uses the term "crime of violence."  See id., PageID # 133.  Saenz appears to argue that the Supreme Court's holding in Johnson nullifies as unconstitutionally vague the definition of "crime of violence" in § 924(c) and in the sentencing guidelines.  He asks this court to resentence him.  See id., PageID #s 133, 141.

On August 12, 2016, the Government filed its opposition to Saenz's § 2255 motion.  See United States' Opposition to Saenz's Motion Under 28 U.S.C. § 2255, ECF No. 53.  Saenz did not reply to the Government's opposition.

**III.    ANALYSIS.**

    **A.    Saenz's Motion Is Not Subject to the Stay in Effect for Numerous Other Johnson-Related § 2255 Motions.**

The judges in this district have stayed most of the § 2255 motions that argue that, given Johnson, defendants whose guideline calculations relied on USSG § 4B1.2 should be resentenced to lesser terms.  Section 4B1.2 includes a definition of "crime of violence" that is identical to the invalidated definition of "violent felony" in the residual

clause of 18 U.S.C. § 924(e).  Section 4B1.2 defines "crime of violence" as including a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  Many of the defendants bringing <u>Johnson</u>-related § 2255 motions were deemed to be career offenders subject to enhanced sentences.  That career offender status turned in many instances on whether the defendants had prior convictions for "crimes of violence," as that term is defined in USSG § 4B1.2.

Pending before the Supreme Court is <u>Beckles v. United States</u>, No. 15-8544 (June 27, 2016), which raises the question of whether the <u>Johnson</u> reasoning applies to language in the guidelines.  Motions by many defendants for <u>Johnson</u>-related relief have been stayed pending disposition of <u>Beckles</u>.  This court does not stay Saenz's motion because it does not implicate issues raised by <u>Beckles</u>.

> **B.  Saenz's Claim That 18 U.S.C. § 924(c) Is Unconstitutionally Vague Was Not Procedurally Defaulted.**

The Government argues that Saenz may not proceed with a <u>Johnson</u>-related claim because he did not raise the claim on direct appeal.  A petitioner who challenges his sentence under § 2255 procedurally defaults the claim if he could have raised it on direct appeal but failed to do so.  <u>United States v. Ratigan</u>, 351 F.3d 957, 962 (9th Cir. 2003).  A petitioner may overcome a procedural default and raise the claim in a habeas

9

§ 2255 petition "only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" United States v. Braswell, 501 F.3d 1147, 1149 (9th Cir. 2007) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)).  This "cause and prejudice" test generally applies "where the claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal, or where 'interference by officials' may have prevented the claim from being brought earlier."  Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  The Ninth Circuit has stated that the failure to raise a claim and object when such an objection "would have been futile" does not result in procedural default.  English v. United States, 42 F.3d 473, 479 (9th Cir. 1994) (quoting United States v. France, 886 F.2d 223, 228 (9th Cir. 1989)).

   The Government contends that Saenz procedurally defaulted because he did not argue unconstitutional vagueness until filing his § 2255 motion in 2016.  See ECF No. 53, PageID #s 147-51.  This court rejects the Government's procedural default argument.  Any objection or claim on direct appeal going to the alleged unconstitutional vagueness of § 924(c) would have been futile.  Saenz's appeal time ran in 2009.  At that time, "a solid wall of circuit authority" held that the residual clause of the ACCA was not unconstitutionally

vague.  Cf. English, 42 F.3d at 479 (finding no procedural default when petitioners failed to object or raise claim on appeal prior to issuance of authoritative Supreme Court decision).  It was not until the Supreme Court decided Johnson in 2015 that Saenz had legal authority to rely on with respect to the unconstitutionality of the language in the residual clause in § 924(c).  It would have been pointless for Saenz to have objected before 2015 to such language.  He therefore did not forfeit his Johnson claim by failing to have raised it earlier.  See id.

This conclusion is consistent with the Ninth Circuit's certification of second or successive § 2255 motions raising Johnson issues not raised in direct appeals.  See, e.g., Williams v. United States, Civ. No. 16-00158 SOM-RLP, Cr. No. 11-00937 SOM, ECF Nos. 5 to 7; Myers v. United States, Civ. No. 16-00164 SOM-KSC, Cr. No. 04-00363 SOM, ECF Nos. 6 & 7.  The Ninth Circuit is clearly allowing § 2255 motions based on Johnson to proceed even when such motions were filed years after the petitioners' sentences were imposed and long after appeals were taken that were silent on the unconstitutional vagueness issue.  It makes no sense to treat the total absence of an appeal as a procedural default as to this issue.

## C.  Saenz's § 2255 Motion Is Not Time-Barred.

The Government also contends that Saenz's motion is time-barred under 28 U.S.C. § 2255(f).  See ECF No. 53, PageID # 151.  A one-year statute of limitations applies to § 2255 motions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A § 2255 motion asserting a newly recognized constitutional right is timely if it is filed within one year of the date on which the newly recognized constitutional right was initially recognized by the Supreme Court, and if that new right is retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f); Dodd v. United States, 545 U.S. 353, 358 (2005).  The Johnson decision applies retroactively to cases on

collateral review.  Welch v. United States, 136 S.Ct. 1257, 1268 (2016).

Saenz's § 2255 motion is timely.  The motion relies on a right initially recognized in Johnson on June 26, 2015, which was made retroactive to all cases on collateral review in Welch on March 30, 2016.  Saenz submitted his motion on June 24, 2016, which was less than a year from when Johnson was decided.  See ECF No. 49, PageID # 139.

Saenz placed his § 2255 motion into the prison mail system on June 24, 2016.  "Under the 'prison mailbox rule' of Houston v. Lack, 487 U.S. 266 (1988), a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court."  Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).  Although this court did not receive and file Saenz's § 2255 motion until June 27, 2016, it considers Saenz's § 2255 motion filed on June 24, 2016. Saenz's § 2255 motion was thus timely filed under § 2255(f)(3). This conclusion is consistent with the Ninth Circuit certifications of second or successive § 2255 motions, which indicate that the Ninth Circuit is treating as timely Johnson motions submitted within a year of June 26, 2015, when Johnson was decided.  See, e.g., Williams, Civ. No. 16-00158 SOM-RLP, Cr. No. 11-00937 SOM, ECF No. 7.

### D.   Johnson Does Not Apply to Saenz's Case.

Although this court concludes that Saenz's § 2255 motion is not barred as procedurally defaulted or as untimely, the court nevertheless denies Saenz's motion for the simple reason that any allegedly unconstitutional vagueness in any definition of "crime of violence" or of "violent felony" could not have affected Saenz's conviction or sentence.  Accordingly, Johnson is inapplicable to his case and affords him no relief.

Saenz pled guilty to a serious drug offense and to carrying a firearm in relation to that serious drug offense. Neither the statute nor any guideline applicable to the drug offense included any language analogous to the language invalidated in Johnson.  That is because neither the drug statute nor any guideline applicable to the drug offense discussed violence at all.  With respect to the firearm offense, Saenz, while charged under a statute that does indeed use the term "crime of violence," was convicted and sentenced under a portion of that statute that does not refer to a "crime of violence."

Section 924(c)(1)(A) makes it a crime for a person to use, carry, or possess a firearm "during and in relation to any crime of violence or drug trafficking crime (including a crime or violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or

14

dangerous weapon or device)."  The use of the disjunctive "or" makes it clear that the possession of a firearm relating to <u>either</u> a crime of violence or a drug trafficking crime will violate § 924(c) and give rise to the penalties set forth in that statute.  That is, one can violate § 924(c) without implicating the definition of "crime of violence."

        Saenz pled guilty to a drug trafficking crime, and also to having a firearm in connection with that drug trafficking crime.  He was not charged with having a firearm in connection with any crime of violence, and nothing about his conviction or his sentence related to any crime of violence.  Whether the definition of "crime of violence" is unconstitutionally vague or not, the references to drug trafficking crimes have never been held to be unconstitutionally vague, and Saenz does not challenge the validity of the drug trafficking language.  <u>Johnson</u>, which went to the definition of "violent felony," in no way affects the firearms charge against Saenz relating to the possession of a firearm in connection with drug dealing, not to violence.  This is made abundantly clear by a review of the guideline calculations set forth in the Presentence Investigation Report.  Notably, nothing in the guideline calculations mentions the "crime of violence" definition in USSG § 4B1.2 or any other guideline dealing with violence.  Nor was Saenz treated as a career offender based on

15

any criminal history involving violence.  The Presentence Investigation Report places him in Criminal History Category I and reflects only a conviction for driving under the influence of an intoxicant.

   Saenz's motion seeking relief based on Johnson is denied because Johnson has no relevance to Saenz's case.

**IV.**   **CERTIFICATE OF APPEALABILITY.**

   Because this court denies Saenz's § 2255 motion, the court must address whether a certificate of appealability should issue.  See Rule 11(a), Section 2255 Rules.  A petitioner must obtain a certificate of appealability before pursuing an appeal from a final order in a § 2255 proceeding.  See 28 U.S.C. § 2253(c)(1)(B).

   A court should issue a certificate of appealability only when the appeal presents a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has stated, "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  As this court finds that reasonable jurists would not consider this court's ruling on the merits of Saenz's § 2255 motion debatable

16

or wrong, this court declines to issue a certificate of appealability.

**V.      CONCLUSION.**

This court denies Saenz's motion under 28 U.S.C. § 2255 and declines to issue a certificate of appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 26, 2016.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Jorge Saenz v. United States of America, Crim. No. 08-00676 SOM; Civ. No. 16-00355 SOM-KSC; ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY.